## TEXAS PARKS AND WILDLIFE DEPARTMENT, Appellant,

v.

## Erika RUBIO, Appellee.

### No. 08–15–00351–CV

Court of Appeals of Texas, El Paso.

February 10, 2016

John P. Mobbs, Attorney at Law, El Paso, TX, for Appellee.

Summer Lee, Office of the Attorney General, Austin, TX, for Appellant.

Before McClure, C. J., Rodriguez, and Hughes, JJ.

### OPINION

ANN CRAWFORD McCLURE, Chief Justice

Texas Parks and Wildlife Department (TPWD) is appealing the trial court's order which denied TPWD's motion for summary judgment and stayed a ruling on its plea to the jurisdiction. Erika Rubio has filed a motion to dismiss this appeal for want of jurisdiction. Finding that the interlocutory order is not appealable, we grant the motion and dismiss the appeal for want of jurisdiction.

### FACTUAL SUMMARY

Rubio filed an employment discrimination suit against TPWD. In its answer, TPWD raised affirmative defenses including sovereign immunity. TPWD filed a combined plea to the jurisdiction and motion for summary judgment under TEX. R.CIV.P. 166a(b). The plea to the jurisdiction is based on an assertion that Rubio failed to exhaust her administrative remedies "by failing to timely bring the lawsuit, and failing to bring all of her claims within 180 days of when they occurred...." TPWD specifically requested that the trial court dismiss the suit for lack of jurisdiction, and in the event the trial court denied its plea to the jurisdiction, TPWD alternatively requested that the trial court grant its motion for summary judgment. TPWD sought summary judgment on the ground that Rubio failed to obtain service on it within the 60–day timeframe required by Section 21.254 of the Texas Labor Code. See TEX.LAB.CODE ANN. § 21.254 (West 2015). After a hearing, the trial court entered its order denying TPWD's motion for summary judgment, staying a ruling on TPWD's plea to the jurisdiction, and permitting targeted jurisdictional discovery.

### JURISDICTION

As a general rule, an appeal may only be taken from a final judgment. *Thomas v. Long*, 207 S.W.3d 334, 338 (Tex. 2006). An appellate court lacks jurisdiction to review an interlocutory order unless specifically permitted by statute. *Qwest Communications Corporation v. AT & T Corporation*, 24 S.W.3d 334, 336 (Tex. 2000). TPWD asserts that this appeal is authorized by Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, which allows an appeal from an interlocu-

tory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001[.]" Tex.Civ.Prac. & Rem.Code . Ann. § 51.014(a)(8)(West· Supp.2015). TPWD cites *Thomas v. Long* in support.

In *Thomas v. Long,* the plaintiff sued the Harris County Sheriff for retaliation and she also sought mandamus and declaratory relief. *Thomas,* 207 S.W.3d at 336–37. The plaintiff moved for summary judgment on her mandamus and declaratory judgment claims. *Id.* at 337. The sheriff filed a cross-motion for summary judgment on the grounds that the trial court lacked subject matter jurisdiction, the Civil Service Commission had primary jurisdiction, and he was entitled to judgment as a matter of law on the plaintiff's mandamus and declaratory judgment claims. *Id.* The trial court granted a partial summary judgment in favor of the plaintiff on her request for declaratory relief. *Id.* More specifically, the trial court declared that the plaintiff had a right to return to work immediately with no loss of seniority or benefits. *Id.* The trial court granted the sheriff's motion for partial summary judgment in part and dismissed the plaintiffs request for mandamus relief. *Id.* The sheriff appealed the trial court's order, but the court of appeals dismissed the appeal for lack of jurisdiction because the record did not contain an order granting or denying the plea to the jurisdiction. *Id.* The Supreme Court reversed because it found that the trial court's order implicitly denied the sheriff's jurisdictional challenge. *Id.* at 342. The Supreme Court explained that an order ruling on the merits of an issue without explicitly rejecting a jurisdictional attack has implicitly denied the jurisdictional challenge. *Id.* at 339–40.

The factual scenario presented in the present appeal is distinguishable for two reasons. First, the trial court explicitly stated that it was staying any ruling on the plea to the jurisdiction. Second, the trial court's order did not reach the merits of Rubio's claims. Because the trial court's order does not constitute either an explicit or implicit rejection of TPWD's jurisdictional challenge, we conclude that the interlocutory order is not appealable under Section 51.014(a)(8). *See Fernandez v. Pimentel,* 360 S.W.3d 643, 646 (Tex. App.–El Paso 2012, no pet.). Accordingly, we grant Rubio's motion and dismiss the appeal for lack of jurisdiction.